JOSEPH SMOOT
*vs.*
THE CORPORATION OF WASHINGTON.

AT LAW.    DECIDED SEPTEMBER 19, 1853.

The power of grading and regrading the public streets of Washington must be considered as a continuing power in the Corporation, to be exercised whenever and as often as the health, improvement and prosperity of the city makes it necessary.

Messrs. JOS. H. BRADLEY and W. D. DAVIDGE for the plaintiff.

Mr. JAMES M. CARLISLE for the Corporation.

The whole subject of the power and responsibility of the Corporation, touching the grading and regrading of the streets in Washington, was involved in this case.

There were cited a great many authorities on both sides from the reports of the highest courts in the several States, and of the Supreme Court of the United States, as well as English authorities. The Court pronounced an oral opinion; the following conclusions were reduced to writing by the presiding judge:

" The doctrine laid down by this Court in the case of Devaughn *vs.* Patterson[1] is affirmed and reasserted; the power of grading and regrading the public streets of Washington must be considered as a continuing power in the Corporation, to be exercised whenever and as often as the *health*, improvement and prosperity of the city makes it necessary."

" That the graduation and regraduation by said Corporation cannot be considered in the nature of a compact with the proprietor of the property fronting thereon, that it shall always so continue unchanged; and any such agreement to fetter or clog the exercise of legislative power would be void:"

[1]Not reported.

"That by the conveyance of the streets and squares, &c., from the Commissioners in 1796, to the United States possessed an unqualified fee-simple in the streets and public squares *exclusively,* to which the Corporation succeeded, so far as the power to grade and regrade is concerned."

"That though the right of ingress and egress in the proprietor of property fronting on a street is impaired by such regrading, it must be considered a loss in the nature of consequential damages, and not within the principle of the provision contained in the Constitution, forbidding the *taking private property* for public use without just compensation; it is *damnum absque injuria,* for which no action lies."

"That there can be no breach of faith ascribed to the Corporation in changing the graduation, because they had *no power to make* any pledge that it should always so continue."

"The foregoing propositions must however be considered as made, with the qualification that the jury shall find from the evidence that such claim became necessary for the health, improvement and prosperity of the city, *and was not capriciously* or unskillfully made; also that the same was *made in a proper manner and within the line of said street so graduated.*"